UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFERY BENJAMIN,

                         Plaintiff,

          -against-
                                              **MEMORANDUM AND ORDER**

COMMISSIONER HENRY LEMONS, JR.;
COMMISSIONER JAMES B. FERGUSON;          10-CV-4067 (SLT) (JMA)
COMMISSIONER JARED BROWN; STATE OF
NEW YORK EXECUTIVE DEPARTMENT
BOARD OF PAROLE,

                        Defendants.
------------------------------------------------------------x
**TOWNES, United States District Judge:**

      Plaintiff Jeffery Benjamin, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants – the New York State Board of Parole and three of its commissioners – violated his rights under the First and Second Amendments of the United States Constitution by issuing a certificate of good conduct which failed to discharge certain legal disabilities and bars pertaining to firearms and plaintiff's eligibility for public office. Plaintiff seeks only money damages, not injunctive relief. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. However, for the reasons set forth below, his complaint is dismissed.

## *BACKGROUND*

      This action relates to a certificate of good conduct, issued by defendant Board of Parole pursuant to section 703-a of New York's Correction Law. Under this statute:

> A certificate of good conduct may be granted as provided in this
> section to relieve an individual of any disability, or to remove any
> bar to his employment, automatically imposed by law by reason of
> his conviction of the crime or of the offense specified therein. Such

> certificate may be limited to one or more enumerated disabilities or
> bars, or may relieve the individual of all disabilities and bars.

N.Y. Correct. Law §703-a(1)(McKinney 2010). Section 703-b provides that the decision regarding whether to grant a certificate of good conduct and, if so, whether the relief from disabilities should be limited, shall be made by the Board of Parole. This section provides:

> The state board of parole, or any three members thereof by unanimous vote, shall have the power to issue a certificate of good conduct to any person previously convicted of a crime in this state, when the board is satisfied that:
>
> (a) The applicant has conducted himself in a manner warranting such issuance for a minimum period in accordance with the provisions of subdivision three of this section;
>
> (b) The relief to be granted by the certificate is consistent with the rehabilitation of the applicant; and
>
> (c) The relief to be granted is consistent with the public interest.

N.Y. Correct. Law §703-b(1)(McKinney 2010).

Although the complaint is unclear, it appears that plaintiff, who was convicted in New York courts of five non-violent felonies between 1987 and 2002, applied for a certificate of good conduct sometime in 2010. In August 2010, a three-member panel of the Board of Parole granted plaintiff's application, removing "all legal bars and disabilities to employment, license and privilege except those pertaining to firearms under Sections 265.01(4) and 400.00 of the Penal Law and except the right to be eligible for public office." Complaint, Ex. A. Although the certificate of good conduct was issued on August 6, 2010, *id.*, plaintiff apparently received the certificate on August 10, 2010 – the first day of Ramadan. Complaint, ¶II.C; *see* http://www.holidays.net/ ramadan/dates.htm.

On September 2, 2010, plaintiff commenced this civil rights action against the Board of Parole and the three Board members who voted to issue the certificate – Commissioners Henry Lemons, Jr., James B. Ferguson and Jared Brown. Plaintiff asserts that the defendants violated his rights under the Second and Fourteenth Amendments of the United States Constitution by refusing to grant him relief from the operation of Penal Law §265.01(4), which prohibits a person who has been convicted of a felony from possessing a rifle or shotgun, and Penal Law §400.00, which provides that a person who has been "convicted anywhere of a felony or a serious offense" shall not be issued a license to carry, possess, repair and dispose of firearms. Plaintiff also asserts that defendants violated his rights under the First Amendment, implying that defendants may have harbored religious animus because they intentionally issued the decision "in the month of Ramadan." Complaint, ¶V. Plaintiff does not seek injunctive relief, but only money damages.

## DISCUSSION

"[W]hen [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004)). This is particularly so when the *pro se* plaintiff alleges that her [or his] civil rights have been violated. *Id.* (bracketed material added). However, 28 U.S.C. § 1915 (e)(2)(B) dictates that a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In this case, the defendants all enjoy immunity from plaintiff's demands for monetary relief. First, the Second Circuit has held that "parole board officials, like judges, are entitled to

absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole." *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir.1999). Although the three commissioners named in this case were not "deciding whether to grant, deny or revoke parole," as were the defendants in *Montero*, they were nonetheless acting in a "quasi-adjudicative" capacity in adjudicating plaintiff's application for a certificate of good conduct. Accordingly, even if the commissioners' determination was erroneous, or if the fact that the decision was delivered to plaintiff on the first day of Ramadan could be interpreted as some evidence of religious bias against the Muslim plaintiff, the commissioners would still be absolutely immune from plaintiff's §1983 claim for damages. *See id.* at 761 ("absolute immunity applies to a judicial function, like revoking parole, even where such action 'was in error' or 'was done maliciously.'")

Second, plaintiff's claims against the Board of Parole are barred by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The express language of this Amendment does not prohibit a State's own citizens from maintaining an action against the State in federal court, but the Supreme Court has "extended a State's protection from suit to suits brought by the State's own citizens." *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997). Moreover, the Supreme Court has repeatedly stated that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Quern v. Jordan*,

440 U.S. 332, 342-345 (1979). A state can waive its Eleventh Amendment protection and allow a federal court to hear and decide a case commenced or prosecuted against it. *Couer d'Alene Tribe of Idaho*, 521 U.S. at 267. However, "[i]t is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

The Board of Parole is part of the New York State Division of Parole – an autonomous agency within the Executive Department of the State of New York. *See* https://www.parole.state.ny.us/introhistory.html. There is nothing to suggest that this agency has consented to be sued in this Court. Accordingly, plaintiff's claim for damages against this defendant is barred by the Eleventh Amendment. *See, e.g., McCloud v. Jackson*, 4 Fed. Appx. 7, 10 (2d Cir. 2001) (dismissing plaintiff's claims against the New York State Division of Parole because the Eleventh Amendment bars suits against states or state agencies); *Heba v. N.Y. State Div. of Parole*, 537 F. Supp. 2d 457, 471 (E.D.N.Y.2007) (same); *Coleman v. City of New York*, No. 03 Civ. 4921(DLI)(LB), 2009 WL 705539, at *4 (E.D.N.Y. Mar. 16, 2009) ("The Eleventh Amendment bars plaintiff's §1983 suit against the New York State Division of Parole as it is a state agency.")

This Court is well aware that a *pro se* complaint should not be dismissed "without granting leave to amend at least once when a liberal reading of the . . . complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999); *see Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003). This Court is also aware that the Supreme Court's recent decisions in *District of Columbia v. Heller*, \_\_\_ U.S.\_\_\_,

128 S.Ct. 2783 (2008), and *McDonald v. City of Chicago, Ill.*, ___U.S.___, 130 S.Ct. 3020 (2010), have created uncertainty as to the constitutionality of some state law restrictions on the possession of firearms. However, nothing in plaintiff's complaint, even when it is read liberally, suggests that plaintiff seeks to challenge the constitutionality of Penal Law §§265.01(4) and 400.00. Indeed, the complaint does not even seek injunctive relief, but requests only money damages. The entire focus of the complaint is on the actions of Board of Parole and its members, which plaintiff, by citing to Penal Law §§195.00 and 195.05, implies are guilty of official misconduct or obstruction of governmental administration. Since a valid claim for money damages against these defendants cannot be stated in light of their immunity, this action is dismissed.

## *CONCLUSION*

Accordingly, plaintiff's complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Sandra L. Townes

_____
SANDRA L. TOWNES
United States District Judge

Dated: September 9, 2010
Brooklyn, New York